FRANK LEES, PLAINTIFF-RESPONDENT, v. ROCCO MACCHIA AND ANTHONY ROGAC, DEFENDANTS-APPELLANTS.

Submitted October 14, 1932—Decided March 25, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the plaintiff-respondent, *Theodore Charney.*

For the defendants-appellants, *Collins & Corbin* (*Edward A. Markley,* of counsel).

Per Curiam.

The action was to recover for property damage sustained by the plaintiff as the result of an automobile accident wherein plaintiff's car, parked at the roadside, was damaged as a result of a collision between the car owned by the defendant Macchia and driven by the defendant Rogac and another car owned and driven by persons neither of whom were brought into the action as parties. The defense was that the accident was caused solely through the negligence of the driver of the third car.

The progress of the trial and the injection of error is disclosed by the agreed state of case, which reads in part:

"The parties to the suit and witnesses were sworn in the same time and in behalf of the plaintiff-respondent, Frank Lees, Thomas Dean, the driver of the other car involved, testified to facts tending to place the blame of the accident upon the defendants-appellants. Officer Simpson, who arrived sometime after the accident, and a brother-in-law of Dean testified also as to the positions of the cars tending to place the blame upon the driver of the defendant-appellant's car. Plaintiff then rested and the defendants-appellants through their attorneys then started the direct examination of Officer Eugene Wild who was present at the scene of the accident. In the middle of Officer Wild's direct testimony, the judge interrupted stating that he had made up his mind about the case, that he regarded both the defendants-appellants and the driver of Dean's car of being guilty of contributory negligence and refused to hear the balance of Officer Wild's testimony or permit the driver of defendant-appellant's car or the owner of the car, Rocco Macchia, who arrived shortly thereafter at the scene of the accident, to testify."

The court's disposition of the matter in refusing an opportunity to the defendants to prove their case was so clearly error that we think little comment further than the above quoting of the record is necessary. Objection was made and exception taken to the court's refusal to receive the testimony. The United States constitution in section 1 of the fourteenth amendment provides that no state shall deprive any person

of life, liberty or property without due process of law, and it was held in *Hovey* v. *Elliott*, 167 *U. S.* 409; 42 *Law Ed.* 215, that due process of law signifies a right to be heard on one's defense. See also section 1 of the fifth amendment. Our state constitution, article 1, section 1, gives similar protection in providing that amongst the natural and unalienable rights of the people are those of possessing and protecting property; and property is indeed poorly protected if it may be taken at the instance of another without the right of defense.

We have received no brief on behalf of the respondent, perhaps because there is nothing to be said in support of the procedure.

The judgment below will be reversed to the end that a *venire de novo* issue, costs to abide the event.